Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHERYL BISHOP,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MONTY WILKINSON, ACTING ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES,<br><br>　　　　　Defendant. | No. 2:20-CV-01375-RSM<br><br>ANSWER |

Defendant Monty Wilkinson ("Defendant"), in his official capacity as the Acting Attorney General of the United States Department of Justice ("DOJ") answers the Complaint (Doc. 1) as follows:

///

///

Answer-1
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

## NATURE OF CASE

1.1    Defendant admits Paragraph 1.1 is Plaintiff's characterization of her claims, but Defendant denies Plaintiff is entitled to any relief based on those claims.

## ADMINISTRATIVE EXHAUSTION

2.1    Defendant admits Plaintiff filed a formal individual complaint (ATF-2020-00774) with Defendant more than 180 days ago, that no hearing has been scheduled, no appeal has been filed, and a final action has not been taken. Defendant denies the remaining allegations in paragraph 2.1.

## JURISDICTION AND VENUE

3.1    Defendant denies the allegations in paragraph 3.1.

3.2    Defendant denies the allegations in paragraph 3.2.

3.3    Defendant admits the allegations in paragraph 3.3.

## PARTIES

4.1    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.1 regarding Plaintiff's residency. Defendant admits Plaintiff is African-American. Defendant admits that from approximately July 2013 to September 3, 2017, Plaintiff was a Special Agent Canine Handler with the Agency, and on September 3, 2017, received a promotion to the position of Group Supervisor.

Answer-2
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

4.2     Defendant admits the allegations in paragraph 4.2. At the time the Complaint was filed, William P. Barr was the Attorney General of the United States. Acting Attorney General Monty Wilkinson is now substituted for former Attorney General Barr.

## FACTS

5.1     Defendant admits Plaintiff filed an employment discrimination lawsuit in this Court on April 24, 2018. Defendant admits Plaintiff describes her prior Complaint in paragraph 5.1, but Defendant denies the allegations in paragraph 5.1 to the extent Plaintiff has mischaracterized that previous lawsuit.

5.2     Defendant admits the quoted excerpts appear in Devlin's deposition transcript, but Defendant denies the allegations in Paragraph 5.2 to the extent that Plaintiff has mischaracterized the content of the deposition transcript.

5.3     Defendant admits the allegations in Paragraph 5.3.

5.4     Defendant admits that on November 21, 2019, Devlin sent an email using his ATF email account, which is attached as Exhibit C. Defendant denies the allegations in paragraph 5.4 to the extent they mischaracterize the content of the e-mail. Defendant denies the remaining allegations in Paragraph 5.4.

Answer-3
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

5.5     Defendant admits that Devlin's November 21, 2019 email included recipients outside of the ATF. Defendant denies the remaining allegations in Paragraph 5.5.

5.6     Defendant admits that on November 21, 2019, Devlin sent an email using his ATF email account and that the excerpted quotes appear in that e-mail. Defendant admits the *Seattle Times* article (Exhibit B to the Complaint) was attached to the e-mail. Defendant denies the allegations in paragraph 5.6 to the extent Plaintiff has mischaracterized the content of the e-mail. Defendant denies the remaining allegations in Paragraph 5.6.

5.7     Defendant lacks knowledge or information sufficient to form a belief about the truth of the first sentence regarding how "the media" obtained Devlin's name, employment, and photograph. Defendant admits Plaintiff's lawyer shared her Complaint with the United States Attorney's Office for the Western District of Washington. Defendant lacks knowledge or information sufficient to form a belief about the truth of the second clause of the second sentence as to the mindset of Plaintiff's lawyer. Defendant denies all remaining allegations in sentence two of Paragraph 5.7. Defendant admits the allegations in sentences three and four of Paragraph 5.7. Defendant lacks knowledge or information sufficient to form a belief

Answer-4
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

about the truth of the fifth sentence in paragraph 5.7. Defendant denies the allegations in sentence six of Paragraph 5.7.

5.8     Defendant admits the excerpted quote in paragraph 5.8 appears in Devlin's e-mail, but Defendant denies the allegations in paragraph 5.8 to the extent they mischaracterize the contents of the e-mail. Defendant denies the remaining allegations in Paragraph 5.8.

5.9     Defendant admits that some recipients of Devlin's email reported the email to their superiors. Defendant denies the remaining allegations in sentence one of Paragraph 5.9. Defendant admits that Devlin's email was reported up the chain of command from the Seattle Field Division Special Agent in Charge, to the Deputy Assistant Director, the Assistant Director, and the Associate Deputy Director. Defendant denies the remaining allegations in sentence two of Paragraph 5.9. Defendant admits sentence three of Paragraph 5.9. Defendant denies the allegations in sentences four, five and six of Paragraph 5.9.

5.10    Defendant denies the allegations in Paragraph 5.10.

5.11    Defendant admits that ATF 2130.3A, Harassment in the Workplace, Section 7, Subparagraph b, describes the roles and responsibilities of supervisors and managers with respect to allegations of harassment in the workplace. Defendant

Answer-5
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

denies the allegations in Paragraph 5.11 to the extent Plaintiff has mischaracterized the content of the ATF 2130.3A.

5.12   Defendant denies the allegations in Paragraph 5.12.

5.13   Defendant admits that Pleasants referred Devlin's email to IAD. Defendant denies the allegations in sentence one of Paragraph 5.13 to the extent Plaintiff has mischaracterized the content of the document. Defendant denies all remaining allegations in sentence one of Paragraph 5.13. Defendant denies the allegations in sentence two of Paragraph 5.13. Defendant admits that IAD referred the matter to management for action. Defendant denies all remaining allegations in sentence three of Paragraph 5.13. Defendant denies the allegations in sentences four and five of Paragraph 5.13.

5.14   Defendant denies the allegations in sentence one of Paragraph 5.14. Defendant denies the allegations in sentences two, three and four of Paragraph 5.14. Defendant admits the allegations in sentences five and six of Paragraph 5.14.

5.15   Defendant admits Plaintiff previously filed a lawsuit. Defendant admits Devlin was deposed during Plaintiff's previous lawsuit. Defendant denies the allegations in sentences one and two of Paragraph 5.15 to the extent that Plaintiff has mischaracterized the content of the documents. Defendant denies the allegations in sentence three of Paragraph 5.15.

Answer-6
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

5.16 Defendant admits that in late April 2016, Plaintiff was asked to serve as the acting Resident Agent in Charge in the Eugene, Oregon Field Office. Defendant admits Devlin told two Assistant United States Attorneys that Plaintiff was a "train wreck." Defendant denies the remaining allegations in Paragraph 5.16.

5.17 Defendant admits Plaintiff is African-American and Devlin is Caucasian, Defendant denies the remaining allegations of sentence one and denies sentence two of Paragraph 5.17. Defendant admits sentence three of Paragraph 5.17. Defendant denies the allegations in sentence four of Paragraph 5.17. Defendant denies the remaining allegations Paragraph 5.17.

    5.17.1 Defendant denies the allegations in Paragraph 5.17.1.

    5.17.2 Defendant denies the allegations in Paragraph 5.17.2.

    5.17.3 Defendant denies the allegations in Paragraph 5.17.3.

    5.17.4 Defendant admits Devlin sent emails to agents under his supervision to include Plaintiff. The emails are in writing and are the best and most complete representation of their contents. Defendant denies the allegations to the extent that Plaintiff has mischaracterized the content of the documents and denies the remaining allegations in Paragraph 5.17.4.

Answer-7
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

5.17.5 Defendant admits only that Devlin at one point stated that he has a tattoo on his upper arm that he obtained while working undercover. Defendant denies all other allegations in Paragraph 5.17.5.

5.17.6 Defendant denies the allegations in Paragraph 5.17.6.

5.18   Defendant denies the allegations in sentences one, two and three of Paragraph 5.18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences four and five of Paragraph 5.18. Responding to sentence 6, Defendant admits Plaintiff advised Nunez of allegations regarding Devlin in her May 3, 2016 memorandum. Defendant denies all remaining allegations in sentence 6 of Paragraph 5.18.

5.19   Defendant denies the allegations in Paragraph 5.19.

5.20   Defendant admits that Plaintiff and Devlin had an email exchange, which is in writing and is the best and most complete representation of its contents. Defendant denies all other allegations in Paragraph 5.20.

5.21   Defendant admits Plaintiff told Nunez that Devlin was making improper remarks but denies the remaining allegations in sentence one of Paragraph 5.21. The allegations in sentences two and three of Paragraph 5.21 relate to documents that are the best and most complete representation of their contents; Defendant denies the

Answer-8
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

allegations to the extent that Plaintiff has mischaracterized the content of the documents. Defendant denies the remaining allegations in paragraph 5.21.

5.22   Defendant denies the allegations in Paragraph 5.22.

5.23   Defendant admits Paragraph 5.23 the extent that Plaintiff submitted a memorandum dated May 3, 2016, to the Special Agent in Charge, Seattle Field Division, through the Assistant Special Agent in Charge, Seattle Field Division. Defendant denies all other allegations in Paragraph 5.23.

5.24   Defendant admits that at some time after Plaintiff submitted her May 3, 2016 memorandum, Plaintiff had a conversation with Dawson regarding her concerns. Defendant denies all other allegations in Paragraph 5.24.

5.25   Defendant denies the allegations in Paragraph 5.25.

5.26   Defendant admits only that Dawson and Nunez spoke with Devlin who confirmed that he wore a "German Eagle SS lightning bolt tattoo" that he received to work undercover with a white supremacist organization. Defendant denies the remaining allegations in Paragraph 5.26.

5.27   Defendant admits Plaintiff had a prior lawsuit. Plaintiff's prior complaint is in writing and is the best and most complete representation of its contents. Defendant denies the allegations in sentence one of Paragraph 5.27 to the extent that

Answer-9
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

Plaintiff has mischaracterized the content of the document. Defendant denies the allegations in sentence two of Paragraph 5.27.

5.28 Defendant denies the allegations in Paragraph 5.28.

5.29 Defendant admits that Plaintiff had a prior lawsuit. Plaintiff's prior complaint is in writing and is the best and most complete representation of its contents. Defendant denies the allegations in Paragraph 5.29 to the extent that Plaintiff has mischaracterized the content of the document.

5.30 Defendant denies the allegations in Paragraph 5.30.

## CLAIMS

6.1 Defendant denies the allegations in Paragraph 6.1.

## INJUNCTION ALLEGATIONS

7.1 Defendant denies the allegations in Paragraph 7.1.

## REQUEST FOR RELIEF

8.1–8.8 Defendant denies Plaintiff is entitled to the relief requested in paragraphs 8.1 to 8.8.

## GENERAL DENIAL

All allegations not specifically admitted are denied.

///

///

Answer-10
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint, either in whole or part, fails to state a claim for which relief may be granted.

2. Plaintiff has waived and/or released her claims in the Complaint through her prior complaint, lawsuit, and/or settlement agreement.

3. Plaintiff is estopped from making the claims alleged in the Complaint.

4. Plaintiff's claims may be barred by res judicata and/or collateral estoppel.

5. The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

6. Plaintiff failed to exhaust her administrative remedies for some or all of her claims.

7. Defendant's actions, about which Plaintiff now complains, were a just and proper exercise of management discretion, undertaken for fair and honest reasons in good faith under the circumstances then existing.

8. Without admitting that any adverse employment action was taken against Plaintiff, any adverse employment action or decisions by Defendant in connection with Plaintiff's employment was based on legitimate, non-discriminatory and non-retaliatory reasons.

Answer-11
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

9. Defendant's actions were taken for non-pretextual reasons and would have been taken regardless of any protected conduct.

10. Defendant exercised reasonable care to prevent and correct any harassing behavior. Defendant exercised reasonable care to prevent and promptly correct any workplace discrimination, but Plaintiff unreasonably failed to take advantage of the corrective or complaint procedures offered by Defendant.

11. Plaintiff has no damages. To the extent damages exists, Plaintiff failed to mitigate damages.

12. Plaintiff may not recover punitive damages from Defendant. *See* 42 U.S.C. § 1981a(b)(1).

13. To the extent Plaintiff is entitled to damages, which Defendant denies, Plaintiff's damages are limited to the statutorily delineated amounts set forth in Title VII. *See* 42 U.S.C. § 2000-e, *et seq*.

14. Plaintiff cannot sue her employer for emotional harm, either intentional or negligent, as such actions sound in tort and all tort causes of actions by an employee against her employer are barred by the Federal Employees' Compensation Act (FECA).

WHEREFORE, having fully answered Plaintiff's Complaint and alleging certain affirmative and other defenses, Defendant prays that Plaintiff's Complaint be

Answer-12
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851

dismissed with prejudice, that Plaintiff take nothing by her Complaint, and that the Court grants any further relief it deems just and equitable.

DATED this 8th day of February 2021.

          LEIF M. JOHNSON
          Acting United States Attorney

          By: s/ Mark Steger Smith
          By: s/ Randy J. Tanner

          Mark Steger Smith, #4160
          Randy J. Tanner, #11609
          Assistant U. S. Attorneys
          U.S. Attorney's Office
          105 E. Pine, 2nd Floor
          Missoula, MT 59802
          Phone: (406) 329-4268
          FAX: (406) 542-1476
          Email: mark.smith3@usdoj.gov
                  randy.tanner@usdoj.gov
          Attorneys for Defendant
          Acting Under Authority Conferred by
          28 U.S.C. § 515

Answer-13
2:20-CV-01375-RSM

U.S. Attorney's Office
105 E. Pine Street
Missoula, MT 59801
406-542-8851